**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ROBERT BELL, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:09-CV-86-LMB |
| ) | |
| PAULA PHILLIPS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's complaint filed on July 10, 2009.[1] Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[2] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless, at the time of filing his complaint, plaintiff was "under imminent danger of serious physical injury."

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this 42 U.S.C. § 1983 action against thirty-three SECC employees and Dr. Jack Matteson ("Dr. of Psychiatry"). Plaintiff alleges that defendants "referred to [him] as a black smart ass nigger and a black mother f--king convict and continued to promise they will eventually kill his black ass." He further claims that he "continues to be a vulnerable victim of assaults by sell [sic] guards and officials and is

---

[1]The Court notes that plaintiff did not file a motion to proceed in forma pauperis and certified copy of his inmate account statement, nor did he pay the $350 filing fee. Because plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), the Court will not request plaintiff to provide a proper motion at this time.

[2]See Bell v. Rigel, No. 4:04-CV-706-HEA (E.D.Mo.); Bell v. Steele, No. 1:06-CV-144-LMB (E.D.Mo.); Bell v. Steele, No. 1:07-CV-25-LMB (E.D.Mo.).

constantly particularily [sic] susceptible to the defendants' criminal conduct that's based on [plaintiff's] color, race, and his status as a prisoner of SECC." Plaintiff asserts that he is in imminent danger of serious physical injury "due to constant retaliation because he files grievances and federal complaints." He claims that the SECC defendants "knew or should have known that their part in the conspiracy to retaliate and physically harm plaintiff was violating the law of the U.S. and their policy of handcuffing [plaintiff] from behind was seriously injuring and torturing [him]." Plaintiff states that, over a year ago, defendants allowed his hands to be cuffed behind his back for more than ten minutes "against an inferred doctor's order which clearly states that [plaintiff's] shoulders have a very limited range of motion." More specifically, plaintiff claims that these incidents occurred on February 6, 2008, February 7, 2008 (twice), February 13, 2008 (twice); March 13, 2008, and April 10, 2008. Plaintiff also claims that on February 13, 2008, the nursing staff and Dr. Qasirani discontinued his anxiety and depression medication to punish him for filing grievances, and that Dr. Qasirani refused to give him "proper depression meds for 6 months." Plaintiff alleges that Dr. Jack Matteson "continues to deny [him] the proper depression meds," and Drs. Babich and Klatakc are denying him cortisone injections to stop the deterioration of his shoulders and joints and are refusing "to modify [plaintiff's] doctor's orders for security to hand cuff [him] with double cuffs."

## Discussion

After carefully reviewing the complaint, the Court finds no factual allegations showing that, at the time of filing his complaint, plaintiff was in imminent danger of serious physical injury. Moreover, regarding the merits of plaintiff's allegations, the Court notes that mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and a mere disagreement over treatment methods

also does not rise to the level of a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). To state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106. In the instant case, plaintiff is attempting to base a deliberate-indifference claim on his own opinion as to what medical treatment he should have received or on a doctor's alleged negligence. See Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (disagreement with treatment decisions does not rise to level of constitutional violation; to establish deliberate indifference, plaintiff must show more than even gross negligence); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)(inmates have no constitutional right to particular type of treatment). As such, plaintiff fails to state an Eighth Amendment claim and his allegations are legally frivolous.

Last, there is no allegation that defendant Dr. Jack Matteson is a state actor within the meaning of § 1983. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). For these reasons, the Court will dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE